IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT NICKELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1323-D |
| | § | |
| FLIGHT OPTIONS, LLC, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Plaintiff Robert Nickell has filed a motion to compel discovery responses in this breach of contract and fraud action arising out of a written agreement for the purchase of a fractional ownership interest in two jet aircraft. (*See* Plf. Sec. Am. Compl. at 2, ¶ 5). According to plaintiff, the contract gives him the option of requiring defendant to repurchase his ownership interest in the aircraft at the "prevailing market value" as determined by an independent appraiser. (*Id.* at 2, ¶¶ 5-6). If the parties cannot agree on an appraiser, each party may select its own appraiser, who selects a third appraiser. The value of the aircraft is then determined by a majority of the three appraisers and, absent an agreed upon value, by the average of the two closest of the three appraised values. (*See id.* at 2, ¶ 6). In his second amended complaint, plaintiff alleges that defendant breached the contract "by failing to participate in the appropriate appraisal procedure for the repurchase of the subject aircraft, and by failing to repurchase the subject aircraft at fair market value." (*Id.* at 3, ¶ 10). Plaintiff also asserts claims for fraud, fraudulent inducement, and violations of the Ohio Deceptive Trade Practices Act based on misrepresentations allegedly made by two representatives of defendant, Billy Hankinson and Michael Scheeringa, regarding the purchase agreement and appraisal process.

(*See id.* at 3-6, ¶¶ 9, 13-28). Defendant denies plaintiff's allegations and pleads two affirmative defenses -- that plaintiff materially breached the contract and failed to mitigate his damages. (*See* Def. Orig. Ans. at 4, ¶¶ 20-21).

The instant discovery dispute involves five interrogatories and eight document requests served on defendant.[1] The interrogatories ask for:

- the names, addresses, and phone numbers of the other fractional owners of the aircraft. (Interrog. #1);

- whether the aircraft were used in the Flight Options Lease or Jet Card program, including the number of hours used and the amount of revenue generated. (Interrog. #6);

- the style and cause number of any lawsuit filed against defendant involving the repurchase of a fractional interest of an aircraft since January 1, 2001, including the city and state where the suit was filed. (Interrog. #9);

- a description of how plaintiff breached the contract made the basis of this suit and failed to mitigate his damages. (Interrog. #10 & 11).

The document requests seek:

- copies of other fractional ownership contracts relating to the aircraft. (RFP #1 & 2);

- copies of correspondence to other fractional owners regarding their interest in the aircraft. (RFP #7 & 8);

- internal correspondence, memoranda, or emails regarding the sale of fractional ownership interests in the aircraft. (RFP #19 & 20);

- documents relating to the use of the aircraft in the Flight Options Lease and/or Jet Card program. (RFP # 30 & 31).

---

[1] Plaintiff has agreed not to challenge the sufficiency of defendant's responses to two other document requests, RFP #23 & 24. (*See* Jt. Stat. Rep. at 2, ¶ 3).

Defendant objects to the interrogatories and document requests as irrelevant and beyond the scope of discovery allowed by Rule 26(b). To the extent plaintiff seeks information and documents pertaining to other fractional owners of the aircraft, defendant objects that such information and documents are confidential and proprietary. The parties have briefed their respective positions in a joint status report filed on September 22, 2010, and the motion is ripe for determination.

Rule 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information and materials sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005), *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id., quoting Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001). Once the moving party establishes that the information and materials sought are within the scope of permissible discovery, the burden shifts to the nonmovant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted. *See SSL Services, LLC v. Citrix Systems, Inc.*, No. 2-08-CV-158-TJW, 2010 WL 547478 at *2 (E.D. Tex. Feb. 10, 2010), *citing Spiegelberg Mfg., Inc. v. Hancock*, No. 3-07-CV-1314-G, 2007 WL 4258246 at *1 (N.D. Tex. Dec. 3, 2007).

The court agrees with plaintiff that information pertaining to other fractional owners of the subject aircraft is reasonably calculated to lead to the discovery of admissible evidence. The crux of this lawsuit involves the fair market value of the aircraft. Use of the aircraft by other fractional

owners, revenues generated by such use, and the condition of the aircraft are relevant to determining fair market value. Other fractional owners are likely to have knowledge of such facts. Fractional ownership contracts, correspondence between defendant and other fractional owners regarding their interest in the aircraft, internal correspondence and emails regarding the sale of fractional ownership interests in the aircraft, and documents relating to use of the aircraft in the Flight Options Lease and/or Jet Card program are relevant for the same reason. Defendant has failed to adequately explain, much less prove, how this information and any related documents are confidential and proprietary. Accordingly, defendant shall answer Interrogatory #1 & 6 and produce the documents specified in RFP #1, 2, 7, 8, 19, 20, 30 & 31.

Plaintiff also seeks information regarding other lawsuits brought against defendant involving the repurchase of a fractional interest of an aircraft since January 1, 2001. "Discovery of other lawsuits is not a subject that is amenable to a *per se* rule. The Court must look to the relevance of the other suits to the particular claims at issue." *Kormos v. Sportsstuff, Inc.*, No. 06-CV-15391, 2007 WL 2571969 at *2 (E.D. Mich. Sept. 4, 2007), *citing Thornton v. State Farm Auto. Ins. Co.*, No. 1-06-CV-00018, 2006 WL 3499986 at *2 (N.D. Ohio Dec. 5, 2006); *see also Enron Corp. Savings Plan v. Hewitt Assoc., L.L.C.*, 258 F.R.D. 149, 166 (S.D. Tex. 2009). Here, plaintiff alleges that defendant breached a contract to repurchase his fractional ownership interest in two aircraft and committed fraud in connection with the marketing of that contract. If other fractional owners sued defendant for breach of contract or fraud in connection with the repurchase of their interests in aircraft, discovery concerning those lawsuits is reasonably calculated to lead to the uncovering of substantially similar occurrences. *See Enron Corp. Savings Plan*, 258 F.R.D. at 166, *citing Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 164 (W.D. Mich 1991). Although defendant generally objects that this interrogatory is overly broad, it does not contend that providing such information

to plaintiff will be unduly burdensome. Presumably, defendant knows if it has been sued by other fractional owners of aircraft, and can provide plaintiff with some basic information about those lawsuits. Accordingly, defendant shall answer Interrogatory #9.

The court reaches a different conclusion with respect to Interrogatory #10 & 11, asking defendant to describe how plaintiff breached the contract made the basis of this suit and failed to mitigate his damages. Defendant adequately answered these contention interrogatories by explaining:

> The facts generally supporting the affirmative defenses of Plaintiff's material breaches of contract and failure to mitigate damages include: that Plaintiff is relying upon appraisals that are based on asking prices for aircraft rather than comparable sales prices, as required by § 4.1 of the Purchase Agreements; as a result of the delay in the repurchases because Plaintiff was using inflated and invalid appraisals, Plaintiff has failed to mitigate its damages since the repurchases could have been accomplished sooner if legitimate valuations had been used.

(*See* Plf. Mot., Exh. A, Interrog. #3). This interrogatory answer mirrors the position taken by defendant in the Joint Status Report and Proposed Scheduling Plan. (*See* Jt. Stat. Rep., 8/18/10 at 2, ¶ 1(b)). A more detailed explanation about these defenses can be obtained through a Rule 30(b)(6) deposition.

## **CONCLUSION**

For these reasons, plaintiff's motion to compel discovery responses [Doc. #20] is granted in part and denied in part. The motion is granted with respect to Interrogatory #1, 6 & 9 and RFP #1, 2, 7, 8, 19, 20, 30 & 31. Defendant shall answer these interrogatories and produce responsive documents within 20 days from the date of this order, unless the parties extend this deadline by agreement. The motion is denied with respect to Interrogatory #10 & 11.

Plaintiff's request for further briefing is denied.[2]

SO ORDERED.

DATED: September 27, 2010.

/s/ Jeff Kaplan
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff requests an opportunity for further briefing because the local rules allow 21 days for defendant to file a formal response to a motion and because his attorney did not have enough time to review defendant's portion of the joint status report. (*See* Jt. Stat. Rep. at 8-9). In its order establishing procedures for the disposition of plaintiff's motion, the court explained that:

> The purpose of a joint status report is to enable the court to determine the respective positions of each party regarding the subject matter of a discovery dispute in a single written submission. To this end, the parties should present all of their arguments and authorities in the body of the report. Supporting evidence and affidavits may be submitted in a separate appendix. The arguments, authorities, and evidence relied on by a party must be provided to opposing counsel before the attorneys finalize and sign the joint status report.

*See* Order, 9/14/10 at 2. It is clear from this order that the court will decide the pending motion based on the arguments and authorities presented by the parties in their joint status report. The joint submission procedure established by the magistrate judge supplants the traditional briefing rules and facilitates the resolution of discovery disputes on an expedited basis. Before the attorneys finalize their joint status report, "[t]he arguments, authorities, and evidence relied on by a party must be provided to opposing counsel[.]" Plaintiff offers no explanation why this procedure was not followed here.