IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT NICKELL, §
 §
             Plaintiff, §
 § Civil Action No. 3:10-CV-1323-D
VS. §
 §
FLIGHT OPTIONS, LLC, et al., §
 §
             Defendants. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Robert Nickell's ("Nickell's") February 18, 2011 motion for partial summary judgment is denied.[*]

In this removed action, Nickell sues defendants Flight Options, LLC ("Flight Options") and Billy Hankinson for breach of contract and fraud in connection with his right to require Flight Options to repurchase his fractional interests in two aircraft. He asserts a separate claim for attorney's fees. Nickell moves for partial summary judgment on his breach of contract claim against Flight Options. He asks the court to award him damages in the amount of $1,120,312.50 and to order that he is entitled to recover his attorney's fees for Flight Options' bad faith actions.

Flight Options opposes the motion. In sum, it maintains that

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Nickell materially breached the contracts—excusing Flight Options from further performance obligations—by obtaining appraisals based on the asking price of sellers rather than on comparable sales in the open market. Flight Options also posits that Nickell has not pleaded a bad faith breach of contract claim and Flight Options did not act in bad faith in response to Nickell's appraisals based entirely on asking prices.

Because Nickell will have the burden of proof on his claims at trial, to be entitled to summary judgment, he "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "This means that [Nickell] must demonstrate that there are no genuine and material fact disputes and that [he] is entitled to summary judgment as a matter of law." *GoForIt Entm't, LLC v. DigiMedia.com L.P.*,___ F.Supp.2d ___, 2010 WL 4602549, at *5 (N.D. Tex. Oct. 25, 2010) (Fitzwater, C.J.) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

Without suggesting that Nickell cannot prevail on his claims at trial, the court holds that he has not met the heavy beyond peradventure standard. He has failed to demonstrate that there are no genuine and material fact disputes and that he is entitled to summary judgment as a matter of law as to the claims at issue.

Nickell's motion for partial summary judgment is therefore denied.

**SO ORDERED.**

April 13, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE